LAURA KING v. E. P. KING.

*Divorce—Service of Process by Publication.*

In a divorce suit, where the party complained against is a non-resident and that fact appears by affidavit, service of process may be made by publication under Battle's Revisal, ch. 17, § 83, (5.)

CIVIL ACTION for divorce *a mensa et thoro*, tried at June Special Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The plaintiff had issued a summons on the 19th of No- vember, 1879, returnable to spring term, 1880. The defend- ant is a non-resident of the state. Publication was made according to law, and the only question is, whether the

KING *v.* KING.

plaintiff could proceed to trial and judgment against defendant without a personal service of process. The court being of opinion that no judgment in the case would be valid without personal service, under the ruling of *Pennoyer* v. *Neff*, 95 U. S. Rep., 714, refused to allow the plaintiff to proceed, to which ruling the plaintiff excepted. Judgment, appeal by plaintiff.

*Messrs. Jones & Martin*, for plaintiff.;]
No counsel for defendant.

ASHE, J. We are of opinion His Honor was in error and his ruling is not sustained by the authority which he relied on to support it. On page 734 of the case as reported, Mr. Justice FIELD who delivered the opinion of the court, used the following language: "The jurisdiction which any state possesses to determine the civil status and capacities of all its inhabitants, involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory. The state, for example, has absolute right to prescribe the conditions upon which the marriage relations between its own citizens shall be created, and the causes for which it may be dissolved. One of the parties, guilty of acts for which by the law of the state a dissolution may be granted, may have removed to a state where no dissolution is permitted. The complaining party would fail if a divorce were sought in the state of the defendant, and if application could not be made to the tribunals of the complainant's domicil in such case, and proceedings be there instituted without personal service of process, or personal notice to the offending party, the injured citizen would be without redress." And in support of the position he cites Bishop on Marriage and Divorce, § 156, where that author, after having discussed the proposition whether for purposes of divorce husband and wife have different domi-

3

cils, and having come to the conclusion that they may, he holds that it follows that the courts of the actual *bona fide* domicil of either party may entertain jurisdiction; and he proceeds to say, " if it were not so, then both states, when the domicil of the one was in the one state and that of the other was in another state, would be deprived of the right to determine the status of their own subjects. Each must yield to foreign power in the management of its domestic concerns. * * * The granting of a divorce by the one state under these circumstances, does not interfere with the rights of either of the other states, or of its apparently divorced subject. Probably the decree is not directly binding upon the person of such subject, unless he appears and answers to the suit, or at least has notice of it served upon him within the jurisdiction of the court rendering it. He is not necessarily bound by any collateral clause in it, as that he pay alimony, and that he only ceases to be a husband because he has ceased to have a wife." The same doctrine is fully sustained by Cooley in his work on Constitutional Limitations, p. 403, *et seq.*, where in treating of the subject of proceedings against non-residents, he says: "In such cases as well as *divorce* suits it will often happen that the party proceeded against cannot be found in the state and personal service upon him is therefore impossible, unless it is allowable to make it wherever he may be found abroad. But any such service would be ineffectual. No state has the authority to invade the jurisdiction of another, and by service of process compel parties there resident, or being, to submit their controversies to the determination of its courts; and those courts will consequently be sometimes unable to enforce a jurisdiction within the state, which a state possesses in respect to the subject within its limits, unless a substituted service is admissible. A substituted service is provided by statute for many such cases, generally in the form of a notice published in the public journals, or posted,

·as the·statute may ·direct, the mode being chosen with a view to bring it if possible ·home ·to the knowledge of the party to be affected, and to give him an opportunity to ·appear and defend. The right of ·the legislature to prescribe ·such notice and to give it effect as process, rests upon the *necessity* of the case and has long been recognized and acted ·upon." The doctrine here ·asserted directly applies to ·our ·case, for in sub·division 5, section 83, chapter 17 of Battle's· Revisal, it is expressly provided that " when the action is ·for divorce ·in the cases prescribed ·by law," the service ·of ·the summons may be made by publication in ·cases where the person upon whom the service is to be made cannot ·after due ·diligence be found within the state, when the fact ·is made to ·appear ·by affidavit to the satisfaction of the court.

Upon these authorities we hold there ·is error, and it must ·be certified· to the superior court of Henderson county that ·further ,proceedings may ·be had ·in conformity to this ·opinion.

.Error.                                                                          .Reversed.